# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6397 | **DATE** | 11/6/2001 |
| **CASE TITLE** | In Re: GRIFFIN TRADING COMPANY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The English creditors have not shown that the bankruptcy court's factual findings were clearly erroneous or that its conclusions of law were in error. Accordingly, the bankruptcy court's order of July 3, 2001 denying the English creditors' motion to allow amended informal proofs of claim is affirmed. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | NOV 13 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | \\ |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING 01 NOV -9 PM 4:56 | docketing deputy initials 11/6/2001 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SB | courtroom deputy's initials | Date/time received in central Clerk's Office | CB mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
NOV 1 3 2001

In re: )
GRIFFIN TRADING COMPANY )
) No. 01 C 6397
Debtor )
) Suzanne B. Conlon, Judge
)
)

## MEMORANDUM OPINION AND ORDER

Griffin Trading Company ["Griffin Trading"] filed a Chapter 7 bankruptcy petition on December 30, 1998. On October 30, 2000, the Chapter 7 trustee filed a motion for approval of a settlement agreement. The proposed settlement barred the claims of Group A English creditors ["English creditors"] who had not filed timely proofs of claim. In response, the English creditors, along with court-appointed English liquidators, filed motions to allow informal proofs of claim. In a carefully considered memorandum opinion issued on July 3, 2001, the bankruptcy court overruled all relevant objections to the proposed settlement agreement and denied the English creditors' motions to allow informal proofs of claim. The English creditors appeal.

### BACKGROUND

Griffin Trading was a commodities broker with offices in Chicago, Illinois and London, England. The company had significant assets and conducted business in England, but its principal place of business and assets were located in the United States. A week after Griffin Trading filed bankruptcy, the court authorized the trustee to issue a winding-up petition in England. In an ancillary proceeding a month later, an English court authorized appointment of liquidators and issued a

1

winding-up order. Because Griffin Trading's English assets were insufficient to satisfy all English creditors' claims, the trustee and the liquidators agreed any shortfall would be sought in the American bankruptcy proceeding.

In early January 1999, notices of the bankruptcy case, the creditors' meeting and filing deadlines were served on Griffin Trading's creditors and other interested parties in the United States and England. The notice explicitly provided that proofs of claim were to be filed with the bankruptcy court clerk by May 11, 1999. In early 1999, the liquidators were aware that some English creditors had received notice of the filing deadline. The liquidators sent the trustee information regarding the English creditors' claims on February 9, 1999, April 16, 1999 and May 20, 1999. Neither the English creditors nor the liquidators filed any formal proofs of claim with the bankruptcy court before the May 11th deadline. The court-approved settlement order entered two years later barred the English creditors from sharing in proceeds of the estate.

The bankruptcy court held an evidentiary hearing on the motions to permit the English creditors to participate in the estate based upon information the liquidators sent to the trustee. The liquidators testified they were under the impression the trustee agreed to file claims on behalf of the English creditors. However, attorneys for the trustee adamantly denied such an agreement, which would circumvent the Bankruptcy Code. There was no testimony that the trustee or his counsel actually agreed to file proofs of loss on behalf of the English creditors.

The bankruptcy court found the testimony of both the trustee's counsel and the liquidators credible, but attributed the serious misunderstanding between the American and English practitioners to language and cultural differences. Specifically, the bankruptcy court found there was a different interpretation of the term "schedules in bankruptcy." Apparently the English liquidators interpreted

"schedules in bankruptcy" to be synonymous with "proofs of claim." The bankruptcy court reasoned that it was entirely possible that the trustee told the liquidators he would file bankruptcy schedules; and the liquidators thought the trustee meant he would file proofs of claim on the English creditors' behalf. One of the liquidators testified he was unaware that under American law, claims must be filed before the deadline with the bankruptcy court - and not merely submitted to liquidators as is the case in England. However, the liquidators did not furnish the trustee with sufficient information to file claims on behalf of the English creditors until May 20, 1999, nine days after the deadline. The bankruptcy court concluded that the liquidators were not agents of the English creditors.[1] Assuming *arguendo* that an agency relationship existed, the bankruptcy court concluded the information submitted by the liquidators to the trustee did not constitute informal proofs of claim. Accordingly, the liquidators' opposition to the trustee's motion to approve the settlement agreement was overruled and the English creditors' motion to allow amended informal proofs of claim was denied.

## DISCUSSION

### I. Standard of Review

Subject matter jurisdiction over this bankruptcy appeal is established by 28 U.S.C. §158(a)(1). This court's review of the bankruptcy court's factual findings is subject to a clearly erroneous standard, while review of its conclusions of law is *de novo*. Fed.R.Bankr.P. 8013; Fed.R.Civ.P. 52; *In re Lefkas Gen. Partners*, 112 F.3d 896, 900 (7th Cir. 1997).

---

[1] The bankruptcy court's findings relating to the liquidators' lack of standing to sue on behalf of the English creditors is not a subject of this appeal.

3

## II. Liquidators' Submissions as Informal Proofs of Claims

A proof of claim must be timely filed. Fed.R.Bankr.P. 3002(c). Late-filed claims are generally barred because they disrupt orderly discharge of bankruptcy proceedings. Here, the deadline was May 11, 1999. It is the English creditors' burden to show they filed their claims before the deadline. They have failed to do so. They argue the bankruptcy court erred in refusing to treat information that the liquidators provided to the trustee before the May 11th deadline as timely filed informal proofs of claim, later amended by claim forms filed on May 20th.

### A. January 1999 client claim forms

The English creditors contend that client claim forms they each submitted to the liquidators in January 1999 constitute informal proofs of claim. These client forms were not filed with the bankruptcy court, nor have the English creditors shown they are part of the bankruptcy record.. Rather, the English creditors cite evidence produced at the hearing to establish that the documents included claim amounts and supporting documentation. Tr., Vol. V, pp. 45-46; Tr., Vol. III, pp. 54-55; Joint Ex. 14, 18, 19. The bankruptcy court rejected this argument because the January submissions were not filed with the bankruptcy court and did not evidence the English creditors' intent to hold Griffin Trading liable. The English creditors fail to demonstrate that the bankruptcy court's factual findings were clearly erroneous or that its legal conclusion was in error.

As the English creditors recognize in their briefs, the requirements for recognition of an informal proof of claim are set out in *In re Wigoda,* 234 B.R. 413, 415 (Bankr.N.D.Ill. 1999). Appellants' br. at 16; appellants' reply br. at 1-2. It is telling that they omit and ignore the first *Wigoda* requirement: an informal proof of loss must be timely filed with the bankruptcy court and become part of the record. *See also Barlow v. M. J. Waterman & Assoc., Inc. (In re Waterman &*

*Assoc., Inc.)*, 227 F.3d 604, 609 (6th Cir. 2000); *Nikoloutsos v. Nikoloutsos (In the Matter of Nikoloutsos)*, 199 F.3d 233, 236 (5th Cir. 2000); *Clark v. Valley Fed. Sav. & Loan Assoc. (In re Reliance Equities, Inc.)*, 966 F.2d 1338, 1344 (10th Cir. 1992). The record is barren of any evidence the English creditors complied with this condition. The only reasonable inference is that the January client forms were not filed with the bankruptcy court nor were they part of the bankruptcy record. The fact that the trustee knew about the English creditors' claims has no bearing on this issue. Knowledge of a claim by the bankruptcy court, trustee or debtor does not suffice to elevate a claim to a proof of claim. *In re Wilkins*, 731 F.2d 462, 465 (7th Cir. 1984)[citations omitted]. Moreover, even in the minority of jurisdictions that do not require actual filing of informal proofs of claim, the January client information forms fail to conform to other essential requirements. *First Am. Bank & Trust of Minot v. Butler Mach. Co. (In re Haugen Const. Serv., Inc.)*, 876 F.2d 681, 682 (8th Cir. 1989)(informal claim must disclose facts showing assertion of a claim and claimant's intention to share in estate's assets); *Sambo's Rests., Inc. v. Wheeler (In re Sambo's Rests., Inc.)*, 754 F.2d 811, 815 (9th Cir. 1985)(informal claim must state explicit demand showing nature and amount, and it must evidence the intent to hold debtor liable). The English creditors did not submit evidence to the bankruptcy court that would sustain their burden of showing the client forms stated the nature of the debts, included the amount of indebtedness, and expressed a clear intent to hold Griffin Trading liable.

**B. April 1999 Schedules**

The English creditors assert that schedules identifying themselves by name and the amount of their claims, which the liquidators gave to the trustee in April 1999, constitute informal proofs of claim. Joint Ex. 38. Again, it was undisputed at the hearing that these schedules were not actually

5

filed with the bankruptcy court and are not part of the bankruptcy record. For the same reasons pertaining to the January client claims, the bankruptcy judge properly rejected the English creditors' contention that the April schedules were informal proofs of claim. And similarly, testimony that the April submission provided the trustee with details of the English creditors' claims is immaterial and was properly rejected by the bankruptcy court. The English creditors failed to file these documents with the bankruptcy court. Moreover, the English creditors failed to show the April schedules expressed a clear intent to hold Griffin Trading liable in the American bankruptcy proceeding in April. In fact, the evidence suggests the opposite. The English creditors chose not to file their claims in the bankruptcy court until May 20, 1999, when ". . . it became clear we were not going to get full recovery out of the English proceeding . . ." Tr., Vol.V, pp. 48-49. Under these circumstances, the bankruptcy court's rejection of the April schedules as informal proofs of claim was not clearly erroneous.

### III. Allowance of Informal Proofs of Claims on Equitable Grounds

The bankruptcy court flatly rejected the English creditors' theory that their untimely claims should be allowed on equitable grounds. The English creditors argue that the bankruptcy judge erred. Without citation to case authority, they assert that because neither the trustee nor the liquidators had prior experience with cross-border bankruptcies, exceptional circumstances exist that should excuse application of the bankruptcy court's deadline for filing claims and, implicitly, Fed.R.Bankr.P. 3002(c). The Supreme Court has instructed otherwise. A bankruptcy court may only exercise its equitable powers within the confines of the Bankruptcy Code. *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 207 (1998). The liquidators' apparent ignorance of the Bankruptcy Code and the trustee's lack of professional courtesy in failing to respond to the

liquidators' inquiries about American bankruptcy procedures have harsh and unfortunate consequences for the English creditors. However, it has not been shown that the trustee was under any obligation to give legal advice to the liquidators or the English creditors. The bankruptcy court's refusal to ignore its scheduling order and Fed.R.Bankr.P. 3002(c) because of equitable considerations was neither error nor an abuse of discretion.

## CONCLUSION

The English creditors have not shown that the bankruptcy court's factual findings were clearly erroneous or that its conclusions of law were in error. Accordingly, the bankruptcy court's order of July 3, 2001 denying the English creditors' motion to allow amended informal proofs of claim is affirmed.

November 6, 2001

ENTER:

Suzanne B. Conlon
United States District Judge